**Below is the Order of the Court.**

_____
Karen A. Overstreet
U.S. Bankruptcy Judge
**(Dated as of Entered on Docket date above)**

_____

Karen A. Overstreet
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

Matt Wendell Beck,

        Debtor(s).

Case No. 12-13990

ORDER DENYING RECONSIDERATION

This matter comes before the Court on the debtor's Motion to Reconsider Order Denying Claim of Homestead Exemption and Brief in Support ["Motion for Reconsideration", Dkt. No. 46]. The debtor seeks reconsideration of the Order Denying Claim of Homestead Exemption entered August 13, 2012 ["Order", Dkt. No. 43]. Debtor argues that the Order should be reconsidered and set aside because he properly claimed real property at 1157 Fowles Lane exempt as a homestead under Washington law.

Order - 1

## Facts

The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 18, 2012. On Schedule C filed with his bankruptcy petition, the debtor claimed his interest in real property at 1154 Fowles Lane, Bellingham, WA, exempt as his homestead pursuant to RCW 6.13.030, in the amount of $24,141.00. The debtor listed 508 Darby Drive, #315, Bellingham, WA, however, as his address on the petition. The Chapter 7 Trustee (the "Trustee") filed an Objection to Exemptions [Dkt. No. 13] in which he asserted that the property at 1154 Fowles Lane could not be claimed exempt as a homestead because the debtor did not reside on the property and because the debtor sold his interest in the property pre-petition. The Trustee argued that in order to claim real property exempt under RCW 6.13.030, the debtor or his dependent must reside on the property or intend to reside on the property.

Debtor filed Amended Schedules on May 10, 2012. Dkt. No. 16. In the Amended Schedules, the debtor changed his exemptions to claim a homestead interest in real property at 1157 Fowles Lane, Bellingham, WA. The 1157 Fowles Lane property is partially developed real property which was originally part of a single parcel which also included the lot at 1154 Fowles Lane. In his amended Schedule C, the debtor claimed the 1157 Fowles Lane property exempt up to $11,786 in value as a homestead pursuant to RCW 6.13.030. The debtor recorded a declaration of homestead on the 1157 Fowles Lane property on May 9, 2012, the day prior to filing the Amended Schedules, declaring his intention to live on the property. Dkt. No. 16, attachment 2. In his response to the Trustee's objection to exemption, the debtor stated that he no longer claimed the 1154 Fowles Lane property as his homestead, and that instead he claimed the 1157 Fowles Lane property exempt as property on which he intended to reside in the future.

In reply to the debtor's response, the Trustee pointed out that the debtor sold the property

Order - 2

at 1157 Fowles Lane to Marv and Ruthi Stemler pursuant to a vacant land purchase and sale agreement dated March 20, 2012, and that the debtor was receiving $321 per month under the agreement at the time the bankruptcy petition was filed. The Trustee's reply argued that the property at 1157 Fowles Lane could not be claimed exempt as homestead property under RCW 6.13.010, which requires that "[p]roperty included in the homestead must be actually intended or used as the principal home for the owner." The Trustee contended that the 1157 Fowles Lane property could not be homestead property because the debtor did not reside on the property or intend to use it as his principal home in the future, as evidenced by the fact that he sold the property pre-petition.

At a hearing on May 23, 2012, the Court agreed with the Trustee, and held that the debtor could not exempt either the 1154 or 1157 Fowles Lane property under RCW 6.13.010 because he did not reside on either property as of the petition date and because he sold both properties prior to filing, indicating a lack of intent to reside on either property in the future. On August 24, 2012, the Court entered the Order which sustained the Trustee's objection to the debtor's claim of exemption as to both the 1154 or the 1157 Fowles Lane properties.

**Standards on Reconsideration**.

Motions for reconsideration are disfavored in this district. The local federal district court rules direct that a court should:

> [O]rdinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Civil Rule 7(h)(1), Local Rules W.D. Wash. Local Rule 7(h) is the functional equivalent of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp 2d 1104, 1118 (W.D. WA 2010); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442

Order - 3

(9th Cir. 1991).

Rule 59(e), Fed.R.Civ.P., made applicable to bankruptcy adversary proceedings by Bankruptcy Rule 9023, provides a mechanism for a court to alter, amend, or vacate a prior order. *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1415 (9th Cir. 1994). Although Rule 59(e) permits a court to reconsider and amend a previous order, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890–91 (9th Cir. 2000).

> A motion under F.R.Civ.P. 59(e) 'should not be granted absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' *McDowell v. Calderon*, 197 F.2d 1253, 1255 (9th Cir. 1999)(en banc)(quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); see also F.R.Civ.P. 60(b).

*Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). Matters that were not presented in the first instance by a well-represented party are not considered on a motion for reconsideration. *Aronson v. Dog Eat Dog Films, Inc*., 738 F. Supp. 2d at 1118, *citing 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The Ninth Circuit has stated that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**Analysis**

In his Motion for Reconsideration, the debtor argues that the Order should be set aside on the ground that debtor validly claimed the property at 1157 Fowles Lane exempt as a homestead under Washington law. The debtor says he always intended to reside on the 1157 Fowles Lane

Order - 4

property, that he took steps to develop the property prior to filing, and that he only attempted to sell the property pursuant to the purchase and sale agreement because he got bad legal advice and/or was financially desperate. Since the purchase and sale agreement on the property did not close and expired shortly after this case was filed, the debtor argues that he was free to file a declaration of homestead under Washington law and then amend his schedules and claim the property exempt in this bankruptcy case. The debtor relies on *In re Gitts*, 927 BR F.2d 1109 (9th Cir. 1991), which holds that a homestead declaration filed after the petition is valid if the debtor would otherwise be entitled to claim the property as a homestead. Debtor also relies on the recent case of *In re Jacobson*, 676 F. 3d 1193 (9th Cir. 2012), which holds that bankruptcy exemptions must be determined in accordance with the state law applicable on the date of filing. Debtor argues that under Washington law, a declaration of homestead can be filed on property at any time up to the date of an execution sale and that all that is required under Washington law to claim unimproved property exempt is that the debtor file a proper declaration of homestead.[1] Citing the federal district court decision in *In re Kays*, 49 F. 2d 345 (D.Wash. 1930), debtor argues that under Washington law, actions that manifest an intent to reside on the property are sufficient to establish a homestead on unimproved property. In this case, the debtor argues that subdivision of the larger lot into separate parcels, drawing up plans for a house, and staking the property evidence his intent to live there. The debtor asserts that but for his financial difficulties he would be living on the property now.

The Motion for Reconsideration is supported by debtor's declaration, in which he states that he bought the original lot, which included both the current 1154 and 1157 parcels, hoping to

---

[1] Pursuant to RCW 6.13.040(2), if debtor owns another property that he resides in or has claimed as a homestead, he must also file a declaration of abandonment on the other property. There is no evidence on the record whether debtor ever filed a declaration of homestead on the 1154 property, or if so, whether a declaration of abandonment was filed.

Order - 5

subdivide it so that he could have one of his children live in the current house (1154), and then build two more homes, one for another of his three children, and one for himself. The subdivision took longer than expected, and by the time it was complete, the debtor did not have the resources to build. When the holder of the note secured by the 1157 property threatened to foreclose, the debtor consulted lawyer Matt Beaty. The debtor ultimately decided to sell the property. The debtor states in his declaration:

> I don't know what I would have done if they had actually proceeded to closing because I did not want to sell it. However, Mr. Beaty told me that filing bankruptcy would not be a detriment and that I could amend my schedules later to claim the property as a homestead.

Declaration of Matt W. Beck, Dkt. No. 47, page 3. The debtor further states that had he understood that he would not be able to claim the property exempt as a homestead, he would never have filed bankruptcy.

In support of the Motion for Reconsideration, the debtor also submitted the declarations of Steve Storm (a land use consultant) and Patrick Locker (a real estate agent), which state that each of them understood that the debtor's desire was to purchase the property, divide it into additional lots, and move onto one. Locker says that any agreement by the debtor to sell the property was the "result of a mistake, faulty legal advice, or undue stress." Declaration of Patrick Locker, Dkt. No. 49.

Before the Court requested a response to the Motion for Reconsideration from the Trustee, the debtor filed a Supplemental Memorandum of Points and Authorities in support of the Motion for Reconsideration [Dkt. No. 52]. The Supplemental Memorandum raises a completely new issue: that the objection to the debtor's homestead exemption was not properly served. The debtor argues that in addition to service on counsel, objections to exemptions must be mailed to the debtor personally pursuant to Rule 4003(d)(4). In this case, the Trustee filed an

Order - 6

objection to the debtor's original homestead exemption. Dkt. No. 13. Just before the response due date for the objection, the debtor filed his Amended Schedule C changing his claimed homestead from the property at 1154 Fowles Lane to the property at 1157 Fowles Lane. Dkt. No. 16. Then, in his response to the Trustee's original objection to exemption, the debtor argued that the objection was moot because the debtor had changed his exemptions. The Trustee filed a Reply to the original objection to exemption, objecting to the debtor's attempt to claim the 1157 Fowles Lane property exempt. Dkt. No. 20. Although the reply was properly served on counsel via the court's CM/ECF system, there is no proof of service indicating that the reply was mailed to the debtor. Therefore, the debtor argues, he was not personally served with the objection to the exemption of the property at 1157 Fowles Lane as required by Rule 4003(b)(4).

Pursuant to Local Rule 9013-1(h), the court requested that the Trustee file a response to the Motion to Reconsider. In response, the Trustee argues that:

1. The debtor initially claimed 1154 Fowles Lane, a property where he did not reside and which was subject to an executed sale agreement, exempt, which is inconsistent with his intention to reside at 1157 Fowles Lane.
2. The debtor had a pending sale for the property at 1157 Fowles Lane at the time the petition was filed, which is inconsistent with his intent to reside there in the future.
3. Any irregularity in service of the Objection to Exemptions was waived by the debtor when he failed to raise it at the hearing on May 23, 2012.

In the Motion for Reconsideration, the debtor has not presented any evidence or arguments which could not have been presented earlier in the litigation. All of the facts contained in the declarations of the debtor, Mr. Storm, and Mr. Locker were available to the debtor at the time of the hearing. However, even considering the new facts presented with the Motion for Reconsideration, the Court is not persuaded that reconsideration is appropriate. Debtor did not reside at either the 1154 or 1157 Fowles Lane property at the time his bankruptcy

Order - 7

case was filed. Debtor sold both properties pre-petition. Debtor claimed the 1154 Fowles Lane property exempt on his original Schedule C, and did not assert any exemption in the 1157 Fowles Lane property until after the Trustee had objected to the claim of exemption in the 1154 Fowles Lane property. By then, the sale of the 1157 Fowles Lane property had failed to close, so the debtor could arguably claim the property exempt under RCW 6.13.010 since he still owned the property. However, in order to find that debtor is entitled to claim real property exempt under RCW 6.13.010, the Court must find that the debtor has *actual intent* to use the property as "the principal home for the owner". The Court finds the fact that the debtor sold the properties negates actual intent to reside on the properties. The fact that debtor sold the properties while suffering financial difficulties, or as a result of bad legal advice, is not relevant to the analysis. The fact is that by voluntarily entering into a purchase and sale agreement to sell the properties, debtor manifested his intent to dispose of the properties and not to reside on either. Furthermore, the fact that the debtor claimed the property at 1154 Fowles Lane exempt on the petition date, a property on which he did not reside, is also inconsistent with an intent to reside at 1157 Fowles Lane. The evidence in this case indicates that the debtor did not reside or intend to reside on either the 1154 or 1157 Fowles Lane property, and therefore neither of the properties can be claimed exempt under the Washington homestead statute. The Motion for Reconsideration must be denied.

With regard to the issue of notice under Rule 4003(b)(4), this is a completely new issue not raised at the hearing by either party. The debtor argues that objections to exemption must be mailed to the debtor pursuant to Rule 4003(d)(4). In this case, the Trustee's Objection to Exemption was filed April 26, 2012. There was no proof of service filed indicating service by mail on the debtor. In his unsworn Response to the Motion for Reconsideration, the Trustee

Order - 8

states that he recalls mailing a copy of the objection to exemption to the debtors, but there is no evidence of such service in the record. However, it is clear from the record that the debtor had actual notice of the Trustee's original Objection to Exemptions, because the debtor signed and filed an Amended Schedule C and a Declaration of Homestead regarding the 1157 Fowles Lane property in response to that objection. The Trustee's objection to the Amended Exemption was contained within his reply to the original objection to exemption. As with the original Objection to Exemptions, the reply was served on debtor's counsel via CM/ECF, but there is no proof of service indicating that it was mailed to the debtor as required by Rule 4003(b)(4). However, at the hearing held May 23, 2012, counsel appeared on debtor's behalf and argued in favor of allowing the debtor's exemption in the property at 1157 Fowles Lane. Counsel argued the same issues raised in the Motion for Reconsideration - that the sale of 1157 Fowles had fallen through, and that debtor intended to reside on 1157 Fowles in the future. The matter was fully litigated on the debtor's behalf, and the debtor has not made any allegation that he was prejudiced in any way by the failure of the Trustee to mail the Objection to Exemptions or reply to him personally. Therefore, the fact that the Objection to Exemptions was not served on the debtor by mail pursuant to Rule 4003(b)(4), by itself, is not sufficient to establish grounds for reconsideration of the Order. Based on the foregoing, it is hereby

      ORDERED the debtor's Motion for Reconsideration is **DENIED.**

                          ///END OF ORDER///

Order - 9